### Daniel M. Burns v. Alfred Stanley et al.

*Defense of Negligence in a Suit by an Attorney for Compensation.*—Where, in a suit involving the sufficiency of articles of association, such articles are declared insufficient, and afterwards the attorney who drew up such articles sues for compensation, the answer must aver directly that such articles were defective, and must aver that the work for which the plaintiff sues is that which the association had employed him to do.

Filed March 29, 1881.

Appeal from Hendricks.

Opinion of the court by Mr. Justice Woods.

The sufficiency on demurrer of the second, third and fourth paragraphs of answer respectively are brought in question by this appeal.

The suit was by the appellant against the appellee, the first paragraph of the complaint setting up a special agreement whereby the appellee employed the appellant to prepare supplementary articles of association for the "Tamarack Ditch Company," and to survey and make all necessary plats, profiles and specifications, for which service the appellees were to pay the appellant ten dollars per diem for the first four days and four dollars per diem for the remainder of the time which he should necessarily employ in doing the work. Performance by the appellant and failure of appellees to pay is averred.

The second paragraph is in the nature of a common count for work and labor done at the special instance and request of the defendant, and a bill of particulars for work essentially the same and at the same price as those sued for in the first paragraph is filed with this paragraph.

The defendant answered first by a general denial, and second that they and others interested in the construction of a ditch formed an association under the name of the "Tamarack Ditching Association;" that the plaintiff was invited by the association to accept employment as its engineer, to survey, plat and locate the ditch which the company proposed to cut, but the plaintiff, being a lawyer, declined to accept such employment unless on examination he should find the articles of association of the company to be formal and sufficient in law, and having made an examination thereof, pronounced said articles informal and insufficient in law; whereupon an agreement was made by the plaintiff on the one part and these defendants and other signers of said pretended articles on the other part, to the effect following, to-wit: the plaintiff being both lawyer and engineer, and professing great skill, undertook to reorganize said association and to cure and perfect said articles of association, and to prepare certain supplementary and amendatory articles, which when so cured, supplemented and amended, and adopted by said association, the plaintiff guaranteed should be legal, formal, regular and sufficient in law, and that the association organized thereunder should be a legal and valid organization for the purposes stated, and that if the articles, when so amended and perfected, should prove defective and insufficient to support the said organization and its proceedings to carry out its purposes, the plaintiff should have no compensation; but if he succeeded in making said articles perfect and sufficient in law to support said organization and its proceedings pursuant to said articles, then the plaintiff should have therefor from said Ditching Association, to be paid from the monies of said association, the rate of compensation mentioned in the complaint; that in pursuance of said agreement the plaintiff prepared or caused to be prepared certain supplementary articles, which he represented and guaranteed would make said articles sufficient in law, and which, under the

advice and direction of the plaintiff, as their legal adviser, said association fully adopted and confirmed, and after such adoption the plaintiff proceeded to perform the labor as engineer for which he sues; that afterwards, at the January term, 1876, of this court (the court below) in certain suits by Ezekiel Clark, Drury Clark *et al. v.* the said Ditching Association, involving the legality and insufficiency of said amended articles, it was adjudged by this court that said articles were insufficient to vest said association with legal rights, and to support the assessments of benefits made in pursuance thereof, and said assessments are by this court held to be void and of no effect.

This answer does not sufficiently show that the amended articles of incorporation prepared by the plaintiff were in any respect defective. There is no direct averment of any defect, and the judgment of the court whereby they were declared insufficient is not binding on the plaintiff, as he was not a party thereto, and it is not shown by the plea that he had notice of the suit or of the issues involved therein. The answer does not show that the plaintiff was to receive his compensation from the corporation which he undertook to organize for the defendants and others who were to be incorporators. This amounts perhaps only to an argumentative denial of the liability charged in the complaint against the defendants, but is, nevertheless, good on demurrer which admits its truth.

The third paragraph, like the second, shows the defective organization of the Ditching Association, and that the plaintiff being a lawyer and professing great skill in such matters, at the request of the defendants and other members of said association, and in consideration of the rate of compensation charged in his complaint, undertook and guaranteed that he would perfect said articles, and thereafter represented that he had perfected the same, and the defendants and their associates, relying on the plaintiff's skill and learning, and under his direction as their legal adviser, proceeded to lay out and locate their proposed ditch, and to make assessments of benefits and damages, and expended in money one hundred dollars and in time and labor eleven hundred dollars; that in said suits said amended articles were by said court adjudged to be insufficient; wherefore, the

defendants claim to have been damaged in the sum of five hundred dollars: because of the plaintiff's negligence and want of skill in preparing said amended articles, which sum they pray may be recouped, etc.

This answer is defective for the want of a direct averment that the amended articles of incorporation prepared by the plaintiff were insufficient. It not being shown that he was a party to the suit, nor that he had notice that the suit was pending and involved the validity of his work, the judgment of the court that the same was invalid was neither proof nor evidence of the fact.

The fourth paragraph is to the effect that the plaintiff was employed by the Tamarʀck Ditching Association, organized under the act approved March 10, 1873, of which the plaintiff had notice aɋ the time of said employment; that others besides these defendants were members and signers of the articles of said company, namely: (here are given the names,) who, with certain exceptions named, are living, solvent and reside within the jurisdiction of this court. This plea is verified.

It is an insufficient answer in this, if in nothing else, that it does not show that the work which the plaintiff was employed to do by said ditching association is the same for which the plaintiff had sued.

Judgment reversed, with instruction to sustain the demurrers to the second, third and fourth paragraphs of answer—costs accordingly.